JESSE C. ROOT ET AL., APPELLEES, V. JOHN H. GLISSMANN, APPELLANT.*

FILED DECEMBER 14, 1909. No. 15,835.

1. **Appeal: FINAL JUDGMENT.** "To obtain the review of a case in this court, there must be a final judgment upon the merits of the case in the court below." *Nichols, Shepard & Co., v. Hail,* 5 Neb. 194.

2. ————: **MOTION FOR NEW TRIAL.** If the consideration of a record of the district court requires the examination of issues of fact or errors of law occuring at the trial, which could only be preserved by a bill of exceptions, a motion for a new trial in the district court is a condition precedent to a review of that record in this court.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON and WILLIAM A. REDICK, JUDGES. *Plaintiffs' appeal dismissed. Judgment against defendant affirmed.*

*John O. Yeiser* and *George A. Magney,* for appellant.

*John T. Cathers* and *J. O. Detweiler, contra.*

FAWCETT, J.

If we have finally succeeded in solving the Chinese puzzle designated as "the record" in this case, defendant is

---

appealing from a judgment rendered against him in the district court for Douglas county. The judgment was rendered on March 31, at the February, 1908, term of said court. The judgment recites: "And now on this day come the parties hereto with their attorneys, and this cause comes on for trial to the court without the intervention of a jury, the same having been waived by the parties hereto, and is submitted to the court upon the amended petition, heretofore ordered filed by the court herein, the evidence adduced and the arguments of counsel, upon due consideration whereof, and being fully advised in the premises, the court finds, etc." No motion for new trial was filed. At the subsequent May, 1908, term of said court, on June 12, 1908, when plaintiffs were about to order execution upon their judgment, defendant filed this objection: "Now comes the above named John H. Glissmann, and objects to the issuance of an execution in this case for the reason that the court has no jurisdiction over the said Glissmann, and for the further reason that the pretended judgment herein is illegal and of no effect, the court having no jurisdiction to enter judgment herein." It is argued that the case was originally commenced in the county court in the name of plaintiff Jesse C. Root alone against the defendant; that in the county court plaintiff Root was seeking to recover upon two causes of action, the first being for rent for certain premises, and the second, the one upon which the above judgment was rendered, upon an injunction bond; that, after the case had been appealed to the district court, plaintiff Cathers was permitted to come into the case as a party plaintiff with the plaintiff Root, and that plaintiffs were permitted to file a separate amended petition upon said second cause of action; that plaintiff Cathers, not having been a party in the county court, coming into the case in the district court, made the action then pending a different action from the one in the court below. Objection is also made that the amended petition was not filed at the

same term of court at which the leave was given. Conceding that the facts were as claimed (which the record does not clearly show), we think that by going to trial upon the second cause of action, as shown by the recitals in the journal entry of the judgment, the correctness of which recitals is not challenged, defendant waived the objections now attempted to be urged.

On the trial of the first cause of action the court directed a verdict in favor of the defendant. A motion for a new trial was duly filed by plaintiffs within the statutory three days. On June 18, 1908, before that motion for new trial had been passed upon by the court, defendant filed this motion: "Comes now John H. Glissmann, and moves the court to set aside the judgment heretofore rendered on the first cause of action in the above entitled cause for the reason that the same is irregular and void, and for the following particular reasons: (1) The court ordered plaintiff to docket separately in the first cause of action his petition filed in the above entitled cause. (2) The plaintiff did not docket separately as ordered, but delayed the matter for over 60 days, and filed amended petition in this case out of time and without notice to defendant. (3) That, without notice to the filing of said amended petition, the defendant filed same and took said judgment by default."

We are utterly unable to understand this motion. In the third paragraph of the motion defendant claims that "the defendant filed same and took said judgment by default." Defendant did not file any amended petition, nor was that judgment entered by default, nor was it entered against defendant, but, on the contrary, a verdict was directed for defendant and against the plaintiffs. On July 8, 1908, the record shows the following entry: "This cause now coming on for hearing on motion of defendant to set aside the verdict heretofore rendered herein, and said motion is submitted to the court without argument of counsel, the court being fully advised in the premises finds said motion should be overruled, therefore it is or-

dered that said motion be, and it is hereby, overruled, to which order. the defendant herein duly excepts." The record will be searched in vain for any verdict that was ever rendered against the defendant. The only verdict which had been rendered in the case, as shown by the record, was the verdict in favor of the defendant and against the plaintiffs. As above stated, plaintiffs filed a motion for a new trial within three days after the rendition of that verdict, and on October 6, 1908, the court sustained the plaintiffs' motion and granted a new trial. If the order entered by the court on July 8 overruling "defendant's" motion for a new trial is to be construed as referring to defendant's motion filed June 18, 1908, it is meaningless, as is also the motion referred to, for the reason, as above indicated, that no judgment had, prior to either of said dates, been entered against defendant upon said first cause of action. The record, then, presents this situation: (*a*) A verdict was directed in favor of defendant on the first cause of action which has been set aside, and a new trial ordered which has not yet been had. It is evident therefore that, as to that cause of action, defendant is still *rectus in curia*. As early as *Nichols, Shepard & Co. v. Hail,* 5 Neb. 194, we held: "To obtain the review of a case in this court, there must be a final judgment upon the merits of the case in the court below." Such is still the rule. (*b*) A judgment was rendered in favor of plaintiffs and against the defendant upon a trial at which all parties were present, and to which none of the parties objected, and which has never been assailed by a motion in the district court for a new trial. This precludes a review by this court. *Zehr v. Miller,* 40 Neb. 791. It requires no further citation of authorities to show that defendant is entirely without standing in this court upon either of said causes of action.

The specific "points of error" assigned in defendant's brief, filed December 15, 1908, all refer to errors shown by the bill of exceptions, except the one point that "the court erred in refusing to dismiss the case for want of

jurisdiction." This point is based upon the contention that plaintiff's action involved the title to real estate. As the first cause of action is still undetermined in the court below, we dismiss that from our consideration. The second cause of action was for damages upon an injunction bond. Plaintiffs' petition alleges that upon a full and complete hearing "the court found that said restraining order should not have been issued, and dissolved the temporary injunction." There is nothing in the pleadings to support defendant's contention that a question of title to real estate was involved. In order to determine that question, reference would have to be made to the bill of exceptions. No bill of exceptions has been filed in this court. We must therefore presume that all of the orders and rulings of the court complained of were right, and that its final judgment is sustained by sufficient evidence.

Plaintiffs' appeal is therefore dismissed as to the first cause of action, and the judgment of the district court as to the second cause of action is affirmed.

JUDGMENT ACCORDINGLY.

The following opinion on motion to modify judgment was filed January 20, 1910. *Affirmed as modified:*

1. **Former Opinion Modified.** The first paragraph of the syllabus in our former opinion and so much of said opinion as relates thereto are withdrawn.

2. **Reaffirmance.** The second paragraph of the syllabus in said former opinion adhered to.

FAWCETT, J.

This case is now before us on a motion of plaintiffs to correct our former opinion and judgment, *ante,* p. 576, so as to affirm as to the first cause of action and to dismiss as to the second, on the ground that the court by mistake affirmed as to the second cause of action, and dismissed as to the first. We have again carefully examined the "Chinese puzzle" referred to in our former opinion

and find that the motion of plaintiffs should be sustained. Our present solution of the puzzle is that defendant John H. Glissmann, on May 25, 1905, obtained from the district court for Douglas county a restraining order against plaintiffs Root and Cathers, and on July 29, 1905, obtained a second restraining order against them. A bond was duly given by defendant Glissmann in each instance. After filing numerous motions, demurrers and pleadings on both sides, as shown by the record, plaintiff Root, on November 12, 1906, filed a petition against the said John H. Glissmann and one Hans C. Glissmann, in which he sought to recover upon two causes of action—the first being based upon the restraining order issued May 25, 1905, claiming damages in the sum of $159.80; and the second upon the restraining order issued July 29, 1905, in which he claimed damages in the sum of $60. On December 18, 1907, the Glissmanns filed an answer, alleging that the petition did not state a cause of action; that there was a defect of parties; that the injunction suits were not finally decided against defendants; and that the same were mutually settled between the parties by an agreement to the effect that the parties should dismiss their actions and cross-actions; that said agreement was carried out, and no final judgment was ever entered; and certain other allegations which we do not deem it necessary to consider. On December 23, 1907, the court entered an order reciting that, "it appearing that the original petition  *   *   * has been lost or mislaid, it is therefore by the court ordered that a copy of the same be, and it hereby is, this day filed in lieu thereof." The court then made certain other orders which it is unnecessary to refer to. On the same day, evidently in response to the above order, plaintiff Root filed a substituted petition praying judgment for $159.80 on his first cause of action, and for $85 on his second cause of action. The record shows no answer as having been filed to this substituted petition, but it is evident that the answer filed December 18 was treated as defendant's answer to the substituted

petition, for seven days later, on December 23, 1907, plaintiff filed a reply. On the same date the parties entered upon a trial of the first cause of action. On the 31st day of December, during the progress of the trial, the court entered this order: "And now on this day again come the parties hereto with their attorneys, and come also the jury heretofore duly impaneled and sworn herein, on motion, it is by the court ordered that the order heretofore entered herein, to wit, on the 30th day of December, A. D. 1907, as to docketing as a separate cause of action, the first cause of action herein be, and the same hereby is, modified, so that such case shall proceed against John H. Glissmann alone, thereupon the trial of this cause proceeds." Further hearing was then continued until January 2, 1908, upon which date the court directed a verdict in favor of the defendant Glissmann. The next day, January 3, 1908, plaintiff filed a motion for a new trial. The record does not show any order made upon this motion for new trial until October 6, 1908, when an order was duly entered sustaining the motion and granting a new trial. Counsel for plaintiffs argue that as a matter of fact the motion for new trial was sustained prior to March 2, 1908, but for some reason the clerk failed to get the order of the court upon the journal. That counsel for plaintiffs is probably right in this contention is shown by the fact that on March 2, 1908, plaintiffs jointly filed an "amended petition by order of court" against John H. Glissmann only, in which they declare upon their first cause of action alone; together with the further fact that on March 31, 1908, we find in the record the following judgment: "And now on this day come the parties hereto with their attorneys, and this cause comes on for trial to the court without the intervention of a jury, the same having been waived by the parties hereto, and is submitted to the court upon the amended petition, heretofore ordered filed by the court herein, the evidence adduced and the arguments of counsel, upon due consideration whereof, and being fully advised in the premises, the court finds in favor of

the plaintiffs and against the defendant John H. Glissmann only, on the issues joined, and that there is due the said plaintiffs from the said John H. Glissmann, upon the cause of action set forth in the amended petition, the sum of \$159.80, and interest at 7%, said interest amounting to the sum of \$22.37, making a total of \$182.17, and costs. It is therefore by the court considered," etc.

It appears from the recitals of this judgment that on the date named all parties appeared with their attorneys and went to trial without objection of any kind. Defendant Glissmann acquiesced in said judgment by failing to file any motion for new trial at that term of court, or in any manner questioning the validity of the judgment until June 12, 1908, when plaintiffs were evidently taking steps to enforce their judgment by execution. Defendant then filed the following "Objections to Jurisdiction of Court": "Now comes the above named John H. Glissmann, and objects to the issuance of an execution in this case for the reason that the court has no jurisdiction over the said Glissmann, and for the further reason that the pretended judgment herein is illegal and of no effect, the court having no jurisdiction to enter judgment herein." Six days later, on June 18, 1908, defendant filed this motion: "Comes now John H. Glissmann, and moves the court to set aside the judgment heretofore rendered on the first cause of action in the above entitled cause for the reason that same is irregular and void, and for the following particular reasons: (1) The court ordered plaintiff to docket separately in the first cause of action his petition filed in the above entitled cause. (2) The plaintiff did not docket separately as ordered, but delayed the matter for over 60 days, and filed amended petition in this case out of time and without notice to defendant. (3) That, without notice of the filing of said amended petition, the defendant filed same and took said judgment by default."

On the same day, to wit, June 18, 1908, the court overruled defendant's objections, and on August 10, 1908, defendant filed his notice of appeal. No bill of exceptions

was preserved, hence the case will have to be considered upon the record as above set out. From this record it appears that there has never been any adjudication or even a trial on plaintiffs' second cause of action, but that the first cause of action went to judgment on March 31, 1908, and that by reason of defendant's failure to file any motion for new trial, or to make any timely objections to said judgment, the same became final on the said 31st day of March, 1908.

As to all of the other specific "points of error" assigned in defendant's brief, our former discussion and judgment are adhered to.

Our former judgment is therefore modified to the extent that the first paragraph of the syllabus and so much of the opinion as relates thereto are withdrawn, and the judgment of the district court is in all things affirmed.

AFFIRMED AS MODIFIED.